## CATES v. JONES, Chief of Police, et al.
### No. 12807.

Court of Civil Appeals of Texas. Dallas.
April 8, 1939.

Rehearing Denied May 13, 1939.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss and J. Manuel Hoppenstein, Assts. City Attys., all of Dallas, for appellees.

E. G. Moseley, Civil Dist. Atty., and Harold McCracken, Asst. Dist. Atty., both of Dallas, amici curiæ.

LOONEY, Justice.

Wayne Cates, appellant, appealed from an order of the district court, denying a temporary injunction. Appellant alleged that he owned and operated the Hilton Hotel Drug Store, located in the Hilton Hotel at the corner of Main and Harwood Streets in the city of Dallas, in which he sold drugs, drug sundries, toilet articles, cigars, tobaccos, etc., and, as an advertising medium, installed in the store and electrically operated machine for the amusement of customers and persons waiting around his store, the machine being in the form of a table on four legs, about 2 feet wide and 2½ feet long, the top covered with glass, and immediately beneath the glass was a circular steel disc, about 18 inches in diameter, which formed the playing board, or field of the machine, which was operated by dropping a nickel in a slot that automatically released six steel balls, and, by the manipulation of plungers, the balls, one at a time, were forced out onto the playing field, and, by chance, could find lodgment in one of the ten holes located around the metal disc; the entrance of a ball in a hole registered a number at the top of the board, electrically illuminated, and, when all the balls were played and at rest, the aggregate of these numbers indicated the score made. The machine and its operation were described at great length by appellant, but he strenuously denied that it was designed or could reasonably be used for gambling purposes, and was not operated for that purpose; and was valuable only as an advertising medium, in that, it induced good will by the pleasure and enjoyment it afforded.

Appellant also alleged that Robert L. Jones, appellee, Chief of Police of the City of Dallas (and his subordinates), was threatening to invade plaintiff's premises and illegally seize said machine, thus visiting an irreparable damage upon appellant by depriving him of the machine and disrupting this feature of his business; alleged the necessity for the issuance of an order, without notice or hearing, restraining appellees from molesting the machine or forcibly taking it from the premises; prayed for a show cause order, that the application for temporary writ be set down for hearing, that the same issue, and, on final trial, that the injunction be made permanent.

On October 1, 1938, without hearing or notice, the court granted the restraining order, and set the hearing for October 15. The language of the restraining order reveals the nature of the relief sought, as follows: It reads: "Now, therefore, you, the said Robert L. Jones, Chief of Police, your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to desist and refrain from and desist from removing or seizing said machine and dispossessing plaintiff thereof; said machine located in Hilton Hotel on Main & Harwood Streets, in the Hilton Hotel Drug Store, all of which is more fully set out in plaintiff's application for injunction filed herein, * * *."

The hearing was postponed to and held on October 21, but, in the meantime, appel-

lee answered, under oath, denying generally and in detail appellant's allegations; pleading affirmatively that, the machine in question was nothing more nor less than a marble or slot machine, a gambling device, per se, designed and capable of no reasonable use other than for purposes of gambling, forbidden by law, and that it was the official duty of appellee and his subordinates to seize such machine if and when exhibited to the public, etc., therefore, prayed that appellant be denied the injunctive relief sought.

On hearing had, October 21, 1938, the court dissolved the restraining order theretofore granted and denied appellant's prayer for a temporary injunction, from which this appeal was prosecuted.

At the outset, appellee presents a motion (supported by affidavit) to dismiss the appeal because the question raised has become moot. The motion is based upon the following facts: Appellant's lease, on the premises in the Hilton Hotel occupied by the drug store, having expired, he was forced to move and did move on January 9, 1939, to a new location at the corner of Elm and Harwood Streets in the City of Dallas, where he has since and is now conducting his drug store, and still owns the marble machine in question.

It is obvious that, the question presented on this appeal is whether or not the trial court's order, refusing to grant the temporary relief sought, was correct, and, in order to determine whether the question has become moot by reason of the change of locations, it is necessary to ascertain definitely what the relief sought was. This, in our opinion, is revealed by the language of the restraining order, heretofore set out. Appellee and subordinates were commanded to desist and refrain from seizing or removing the machine from appellant's drug store, located in the Hilton Hotel at the corner of Main and Harwood Streets in the City of Dallas. If the court had granted the temporary injunction, appellee and his subordinates would have been commanded, just as they were commanded in the restraining order; that is, to refrain from invading the premises designated and removing therefrom the machine in question, and, to that extent, interrupting appellant's said business.

If we should disagree with the trial court, as appellant insists we should, and hold that, he was entitled to the relief sought, it is obvious, we think, that, in view of appellant's allegations, owing to the changed situation brought about by his change of locations, we would be without authority, in both pleading and proof, to afford the specific relief sought. The case of Whitesides v. Wood, 210 S.W. 333, Austin Court of Civil Appeals, held that, it being impossible to afford the relief sought, owing to changed condition, there was left nothing for the court to decide except a moot question; therefore, the appeal was dismissed. So, believing that the question presented on this appeal has become moot, we sustain the motion to dismiss the appeal, but without prejudice to the right of appellant to amend his pleadings in the court below, if he so desires, to conform to the changed situation and the existing facts.

Appeal dismissed.

### On Rehearing.

In the original opinion, summarizing plaintiff's allegations, we said that, he alleged the installation in his drug store of "an electrically operated machine for the amusement of customers and loiterers", etc.

Counsel for appellant contend that, the word "loiterers" is not found in plaintiff's petition, that it is an offensive term, and, in the connection used, reflects upon those who frequent plaintiff's store.

After alleging the installation of the machine in his drug store, as an advertising medium, plaintiff said that it was also "for the amusement of his customers and persons waiting around his store". We used the word "loiterers" as a paraphrase of the language, "and persons waiting around his store".

Plaintiff seems to have divided those frequenting his store into two classes,—customers, and those simply waiting around. If the word "loiterers" is not the correct designation of those who simply wait around, it would be hard to find a descriptive term. The word has no offensive or opprobrious significance, but, as plaintiff's counsel think so, and as we are not wedded to the expression, the word giving offense will be deleted, and, in lieu, plaintiff's own language, to wit: "and persons waiting around his store", will be substituted.

We have duly considered all grounds urged for rehearing, but are still of opinion that, the question presented is moot, therefore, the motion for rehearing is overruled.