## CITY OF DETROIT *v.* HODGES.

1. CRIMINAL LAW—LOITERING WHERE DRUGS ILLEGALLY KEPT—ELE-
MENTS OF OFFENSE.

> For defendant to be convicted of knowingly loitering where drugs
> or narcotic paraphernalia were illegally kept there must be
> evidence to show (1) loitering, (2) that it occurred in a place
> where such paraphernalia are illegally kept, and (3) that de-
> fendant knew of the presence of such paraphernalia (Detroit
> Municipal Code, § 28–8–8).

2. SAME—LOITERING—PROHIBITED ACTIVITY.

> "Loitering" by itself implies no wrongdoing or misconduct, and
> an ordinance prohibiting loitering in certain circumstances must
> clearly distinguish between prohibited activity and essentially
> innocent conduct; the prosecution must establish knowing en-
> gagement in prohibited activity for a conviction for violation
> of the ordinance to be sustained.

3. SAME—LOITERING—ILLEGAL OCCUPATION—KNOWLEDGE.

> Violation of a statute or ordinance which forbids knowingly loiter-
> ing where an illegal occupation is carried on requires knowl-
> edge on the part of offender of the illegal occupation, not
> merely knowledge that he is loitering.

4. SAME—LOITERING WHERE DRUGS ILLEGALLY KEPT—EVIDENCE—
SUFFICIENCY.

> Conviction of defendant for knowingly loitering where drugs were
> illegally kept must be reversed where prosecution established
> defendant's presence at scene where narcotic paraphernalia were
> found but failed to introduce evidence that defendant was
> *knowingly* loitering where such prohibited articles were present.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 40 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 873.

5. Same — Constitutional Law — Constitutional Issues Not Reached.

Court of Appeals need not pass on questions of constitutionality of ordinance or of seizure of evidence where other grounds are present for reversal of conviction for violation of the ordinance.

Appeal from Traffic and Ordinance Division of Recorder's Court of Detroit, Wood (Andrew C.), J. Submitted April 3, 1968, at Detroit. (Docket No. 1,720.) Decided September 26, 1968.

Mary June Hodges was convicted of loitering where drugs were kept illegally. Reversed.

*Robert Reese,* Corporation Counsel and *Robert D. McClear,* Assistant Corporation Counsel, for the city of Detroit.

*Sharples, Klein, Meizlish & Sugerman (Boaz Siegel,* of counsel), for defendant on appeal.

McGregor, J. After a warrant for the arrest of one John Elliott Major was issued, charging him with the offenses of illegal sale and possession of narcotics, Major was found at apartment #308, 2852 John R., Detroit, on August 23, 1965. When police officers arrived, Major opened the door but quickly slammed it shut. The door was subsequently forced and, on entry, the officers observed six to nine people in an apartment consisting of a living room, bedroom and bath. All the people were charged with some offense. Defendant Mary June Hodges was charged with loitering, contrary to a provision of the Detroit Municipal Code (1964), § 28-8-8, as follows:

"No person shall *knowingly* loiter about, frequent or live in any building, apartment, store, automobile,

boat, boathouse, aeroplane or other place of any description whatsoever where narcotic drugs, hypodermic syringes, needles or other instruments or implements or empty gelatin capsules are sold, dispensed, furnished, given away, stored or kept illegally." (Emphasis added.) Ch 187, § 9, City (Detroit) Ordinances (1954).

At trial, an officer testified that he saw narcotics paraphernalia in every room. Among other witnesses, some convicted of loitering, one testified that he saw narcotics instruments in the bathroom, but no witnesses testified to seeing such instruments in the presence of this defendant. Mary June Hodges testified that she came to apartment #308 to recover hair rolls that she had loaned to the tenant, Carol White. She stated that she was in the living room about 5 to 7 minutes before the police came and did not know there were narcotic implements or paraphernalia in the apartment. Defendant waived trial by jury and was convicted in the recorder's court. Defendant contends that it is necessary to give the word "loitering" a strained and unusual meaning in order to find that she did in fact violate the ordinance. None of the narcotic paraphernalia was introduced in evidence.

The trial court concluded that the requisite element of knowledge (knowingly loitering where narcotic drugs, hypodermic syringes, etc.   *   *   *   are stored or kept illegally) could be inferred. When defense counsel indicated that there was no evidence that the defendant "knowingly" had any knowledge of the illegal presence of the narcotics or paraphernalia, the trial court said:

"*Defense Attorney Posner:* Now, we can't guess that. You're presuming—

"*The Court (interposing):* Well, circumstantial evidence can be used. I don't think it would be un-

reasonable inference to presume that everybody there knew all about it * * *."

When defense counsel noted defendant's uncontradicted testimony that she had come to the apartment to get her curlers, the court replied, "I don't believe her * * *"

Defendant seeks a reversal on the ground that the evidence was not sufficient to support a conviction.

To sustain a conviction, there must be evidence to show (1) loitering, (2) in a place where narcotic drugs or narcotic paraphernalia are illegally sold, dispensed, furnished, given away, or stored, and (3) that the defendant, when loitering in such place, knew that the narcotic paraphernalia were illegally stored or kept there. There must be evidence to show beyond a reasonable doubt the existence of each element of the offense. The word "loiter" has no sinister meaning and, by itself, implies no wrongdoing or misconduct or engagement in prohibited practices. *City of Seattle* v. *Drew* (1967), 70 Wash 2d 405 (423 P2d 522, 524); *Cates* v. *Jones* (Tex Civ App, 1939), 129 SW2d 476, 477; *Territory of Hawaii* v. *Anduha* (CA9, 1931), 48 F2d 171, 172. Only where the statute or ordinance clearly distinguishes between conduct calculated to harm or the prohibited activity on the one hand, and essentially innocent conduct on the other hand, can a conviction be upheld; and only where such distinctions have been made have convictions been sustained. CL 1948, § 750.167 as amended by PA 1964, No 144 (Stat Ann 1968 Cum Supp § 28.364). Consistent with the above principles, the Michigan disorderly persons statute distinguishes between the conduct proscribed and all other innocent loitering. It proscribes loitering where the defendant is aware of the illegality of the occupation or business. The

defendant's brief explains the knowledge requirement as follows:

"It is assumed that the knowledge required by the ordinance is the knowledge that the narcotic drugs or narcotic paraphernalia are sold, dispensed, etc., illegally, and not that the actor is knowingly loitering about, frequenting, etc. To say that the only knowledge required is that the actor knew he was loitering would make the *mens rea* requirement meaningless as it would subject to criminal prosecution persons who knowingly loiter about, knowingly frequent or knowingly live in any place where there happens to be some kind of illegal narcotics activity. In other words, it would make criminal almost any type of conduct in any place where there was some type of illegal narcotics activity occurring, notwithstanding that the defendant had no knowledge of such activity."

An archival Michigan case concerning possession serves as an analogue to the instant loitering charge:

"Her possession must be regarded as innocent unless shown to have been received with knowledge that they were stolen, or under circumstances which would satisfy the jury that she believed them to be stolen. Possession itself, without evidence tending to show such guilty knowledge, could have no tendency to establish her guilt." *Durant* v. *People* (1865), 13 Mich 351, 353.

The conduct of the defendant in visiting the borrower of her "hair rolls" in another apartment of the same building where the defendant resided is patently innocent. To be convicted of violating the ordinance there must be some evidence that defendant knowingly loitered in an apartment where illegal narcotic paraphernalia was kept or sold. Requisite evidence was not introduced.

While the question of unconstitutionality of the ordinance has been urged, and that evidence was obtained in violation of the Federal and State Constitutions, it is not necessary that we pass on those issues in disposing of this matter.

Conviction is reversed. Defendant is ordered discharged therefrom.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.