PEOPLE *v.* NELSON

1. SEARCHES AND SEIZURES—INCIDENT TO ARREST—SCOPE OF SEARCH.

   A search may be conducted of the defendant's person and the area within his immediate control for implements with which the crime was committed and the fruits and evidence of the crime, as well as for weapons once the defendant has been lawfully arrested.

2. SEARCHES AND SEIZURES—SCOPE OF SEIZURE—OTHER CRIMES.

   Evidence of the crime with which a defendant is charged and any evidence of other crimes properly uncovered in a search incident to the defendant's arrest may be legally seized.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  47 Am Jur, Searches and Seizures § 19.
  Right of search and seizure incident to lawful arrest without a search warrant. 82 ALR 782.
[3]  30 Am Jur 2d, Evidence §§ 708, 722, 731.

3. WITNESSES—RES GESTAE WITNESSES—INDORSEMENT.

Prosecutor's failure to indorse and produce all *res gestae* witnesses was not reversible error where the defendant neither objected to the original indorsement nor offered the names of other witnesses who could give testimony.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 November 12, 1970, at Detroit. (Docket No. 8625.)   Decided December 10, 1970.

Charles E. Nelson was convicted of unlawful possession and control of narcotics.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Alan A. May* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,* JJ.

V. J. BRENNAN, P. J.   On March 7, 1969, defendant Charles Nelson was arrested in a police narcotics raid.   He was subsequently convicted by a jury of unlawful possession and control of narcotics.[1]

On the day of the arrest, police officers arrived at the basement of a residence in Inkster, Michigan with an arrest warrant for someone other than the defendant and a warrant to search the premises. Upon entering, the officers observed narcotics paraphernalia and arrested all present on a charge of

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

frequenting a place of illegal occupation. At the time of the arrest, defendant's person was searched; an envelope containing marijuana was found and later introduced into evidence at defendant's trial. The record does not show whether it was necessary for the officers to open the envelope to determine whether it contained marijuana.

Defendant makes four assignments of error, none of which requires reversal.

First, it is claimed that a warrantless search incident to a lawful arrest is limited in scope to a search for dangerous weapons, and, therefore, it was illegal for the officers to seize the envelope found on defendant's person if they did not believe it contained a dangerous weapon. Defendant's reliance on *Terry* v. *Ohio* (1968), 392 US 1 (88 S Ct 1868, 20 L Ed 2d 889), is misplaced. That case dealt with the permissible scope of a "stop and frisk" where probable cause for an arrest is absent. If, however, the defendant is lawfully arrested, an incidental search may be conducted of the arrestee's person and the area within his immediate control for implements with which the crime was committed and the fruits and evidence of the crime as well as for weapons. *People* v. *Herrera* (1969), 19 Mich App 216; *People* v. *Panknin* (1966), 4 Mich App 19; *Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685). Evidence of the crime with which defendant was charged and any evidence of other crimes properly uncovered in a search may be legally seized. *People* v. *Herrera, supra.* The defendant did not contest the legality of the arrest. We are persuaded the officers could, consistent with the Fourth Amendment, seize the envelope containing the marijuana.

Defendant also contends that he was prejudiced by the prosectuor's failure to indorse and produce all *res gestae* witnesses. It should be noted that de-

fendant did not object to the original indorsement nor did he ever offer the names of other witnesses who could give testimony. Under such circumstances, we do not feel that reversible error was committed. See *People* v. *McLaughlin* (1966), 3 Mich App 391.

Finally, defendant claims that the court erred in refusing to read back certain testimony on request of the jury and in ordering the removal of defendant's 7-month-old baby from the courtroom. Not only do these contentions lack substantive merit; but they were waived by failure to file a timely objection. *People* v. *Reynold* (1969), 20 Mich App 397; *People* v. *Bradley* (1966), 4 Mich App 660. See, also, *Klein* v. *Wagenheim* (1967), 379 Mich 558.

In light of the foregoing, the decision of the trial court is affirmed.

Affirmed.

All concurred.