PEOPLE v. SCHELL

1. ARREST — WITHOUT WARRANT — PROBABLE CAUSE — RELIABLE INFORMER.

The arrest of the defendant by a police officer without a warrant was valid where it was made pursuant to a tip by a reliable informer that the defendant was illegally selling a narcotic drug in a specified location; the officer had reasonable cause to believe that a felony had been committed and that the defendant had committed it (MCLA § 764.15).

2. SEARCHES AND SEIZURES—INCIDENT TO ARREST—CONCEALMENT OR DESTRUCTION OF EVIDENCE.

A search of a defendant's person incident to the defendant's lawful arrest is permissible for the purpose of preventing the destruction or concealment of evidence relevant to that arrest.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 May 18, 1971, at Grand Rapids. (Docket No. 10856.) Decided June 28, 1971.

Roderick John Schell was convicted of possession of LSD. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Thomas M. Khalil*, Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 25, 46.
[2] 47 Am Jur, Searches and Seizures § 19.

*William R. Stackpoole,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. Defendant was tried by the court sitting without a jury and convicted of possession of d-lysergic acid diethylamide (LSD). MCLA § 335.106 (Stat Ann 1971 Cum Supp § 18.1106). On appeal defendant alleges that the trial court erred by admitting into evidence drugs improperly seized after an illegal arrest. The appellee has filed a motion to affirm the conviction and sentence.

Defendant was arrested as a result of a tip from a reliable informer that he was illegally selling a narcotic drug in a specified location. A police officer in Michigan may arrest a person when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). The facts available to the officers at the moment of arrest would warrant a man of reasonable caution in believing that an offense had been committed and as such they were privileged to search the arrestee's person and seize any evidence to prevent its concealment or destruction. *Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685); *People* v. *Nelson* (1970), 29 Mich App 251.

The motion to affirm the defendant's conviction and sentence is granted.