PEOPLE v MORRIS

1. CRIMINAL LAW—MAGISTRATES—BINDING DEFENDANT OVER—DETERMINATION OF OFFENSE—PROBABLE CAUSE.

An examining magistrate may bind a defendant over for trial only if he determines that an offense has been committed and that there is probable cause to believe that defendant committed it.

2. CRIMINAL LAW—ARREST WITHOUT WARRANT—KNOWLEDGE OF POLICE—REASONABLE MAN TEST—MISDEMEANOR IN PRESENCE.

An arrest without a warrant is valid if at the moment of arrest, the facts and circumstances within the knowledge of the policemen were sufficient to lead a reasonable person to conclude that defendant was committing a misdemeanor in his presence.

3. CRIMINAL LAW—ORDINANCES—LOITERING WHERE DRUGS ILLEGALLY KEPT—ELEMENTS OF OFFENSE.

The material elements of the offense in violation of a Detroit city ordinance of knowingly loitering where drugs or narcotics paraphernalia are illegally kept are (1) loitering, (2) in a place where narcotic drugs or narcotics paraphernalia are illegally sold, dispensed, furnished, given away or stored, and (3) that defendant when loitering in such a place, knew that the narcotics paraphernalia were illegally stored or kept there (Detroit Municipal Code, § 28-8-8).

4. CRIMINAL LAW—ORDINANCES—LOITERING—DEFINITION—DISTINGUISHING PROHIBITED ACTIVITY—CONDUCT DELETERIOUS TO PUBLIC.

"Loitering" by itself implies no wrongdoing or misconduct, and an ordinance prohibiting loitering in certain circumstances must clearly distinguish between prohibited activity and essen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 450.

[2] 5 Am Jur 2d, Arrest §§ 30, 31.

[3] No Reference.

[4] 21 Am Jur 2d, Criminal Law § 229.

[5] 5 Am Jur 2d, Arrest § 38; 68 Am Jur 2d, Search and Seizures § 92.

tially innocent conduct; some conduct deleterious to the public good must be connected to the loitering.

5. CRIMINAL LAW—ARREST—PROBABLE CAUSE—SEARCH WITHOUT WARRANT—INCIDENT TO ARREST—LIMITED SEARCH—VALIDITY.

There was probable cause to arrest a defendant for loitering in a place where narcotics paraphernalia were illegally kept where police officers could reasonably believe that defendant's presence near clearly visible narcotics paraphernalia was violative of the wide sweep of the ordinance, and a subsequent search without a warrant of the defendant incident to that arrest which was limited to a search for weapons or destructible evidence on the defendant's person and the area within his immediate control was valid (Detroit Municipal Code, § 28-8-8).

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted November 10, 1975, at Detroit. (Docket No. 22325.) Decided January 7, 1976.

Patrick Morris was charged with carrying a concealed weapon and unlawful possession of heroin. Information quashed. The people appeal. Reversed and remanded for trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Marshall C. Hill,* for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was charged in an information with carrying a concealed weapon, MCLA 750.227; MSA 28.424, and unlawful possession of a controlled substance, heroin, MCLA

335.341(4)(a); MSA 18.1070(41)(4)(a). Pursuant to a defense motion, the Detroit Recorder's Court quashed the information. From this action, plaintiff appeals.

This action was initiated when police obtained a search warrant on August 8, 1974, for a house located at 1745 Forest Street, Apartment 304, for the purpose of searching for narcotics. Upon arriving at the apartment to execute the warrant, the officers entered the apartment without knocking or otherwise announcing their identities since the apartment door was "wide open". Upon entering, they saw defendant standing in front of what they believed to be narcotics paraphernalia—hypodermic needles, cooking caps, syringes—on the floor and table. Defendant was immediately placed under arrest for loitering in a place where narcotics are sold or stored.

Officer Brzezinski then searched defendant for offensive weapons and found under his shirt in the "rear of his back" a small pistol which was loaded. Defendant was then advised that he was being placed under arrest for carrying a concealed weapon. Upon a further search of defendant's person, a brown coin envelope which the police believed to contain heroin was discovered in defendant's right front pant pocket. Defendant was then advised that he was also being charged with unlawful possession of a controlled substance.

Defendant's theory at a pretrial suppression hearing was that there was " * * * no investigation that indicates that defendant did loiter, according to the conclusion of the officers, which gave rise to the arrest of this defendant for an ordinance violation". Moreover, " * * * there would seem to be no law in Michigan authorizing the search of individuals found on the premises

where not otherwise identified from a search warrant * * * ".

The court asked for briefs of counsel concerning the definition of "loitering" and relating to the scope of a search warrant. The prosecutor noted that he could "save us all some time" and referred the court to *Words and Phrases.* At this point, the court quashed the information. It stated:

"The Court rules that the defendant was not loitering on the premises. Therefore, the arrest was illegal."

Plaintiff makes three arguments to support its contention that the trial court's quashing of plaintiff's information was error. We find one of these to be meritorious and address ourselves solely to it. We find, as plaintiff contends, that there was probable cause to arrest defendant and that the search of defendant was legitimate inasmuch as it was incident to this arrest.

An examining magistrate may bind a defendant over for trial only if he determines that an offense has been committed and that there is probable cause to believe that defendant committed it. MCLA 766.13; MSA 28.931, *People v Stinson,* 58 Mich App 243, 259; 227 NW2d 303 (1975), *lv den* 394 Mich 761 (1975). In the instant case, the trial court dismissed the charges because it held that the evidence supporting those charges was seized as the result of an illegal, warrantless arrest.

A warrantless arrest is valid if, at the moment of arrest, the facts and circumstances within the knowledge of police were sufficient to lead a reasonable person to conclude that defendant was committing a misdemeanor in his presence. MCLA 764.15; MSA 28.874, *People v Davenport,* 46 Mich App 579; 208 NW2d 562 (1973).

Defendant was arrested under § 28-8-8 of the Detroit Municipal Code which provides:

"No person shall knowingly loiter about, frequent or live in any building, apartment, store, automobile, boat, boathouse, aeroplane or other place of any description whatsoever where narcotic drugs, hypodermic syringes, needles or other instruments or implements or empty gelatin capsules are sold, dispensed, furnished, given away, stored or kept illegally." Ch 187, § 9, City (Detroit) Ordinances (1954).

The material elements of the offense are:

"(1) loitering, (2) in a place where narcotic drugs or narcotic paraphernalia are illegally sold, dispensed, furnished, given away, or stored, and (3) that the defendant, when loitering in such place, knew that the narcotic paraphernalia were illegally stored or kept there." *Detroit v Hodges,* 13 Mich App 531, 534; 164 NW2d 781 (1968).

Probable cause as to the latter two elements is supplied by the fact that defendant was standing next to the table on which articles commonly used for the preparation and injection of heroin were plainly displayed. The police could reasonably believe that defendant was aware of the identity, purpose and presence of these items.

Our concern, and that of the trial court, is whether there was reasonable cause to believe that defendant was "loitering". Loitering is generally defined as being dilatory, standing idly, lingering, or delaying. See *e.g. Detroit v Wedlow,* 17 Mich App 134; 169 NW2d 145 (1969), Black's Law Dictionary (4th ed), p 1092. While applicable to on-the-street situations, these definitions are not relevant here.

The wording of the ordinance and interpretation

in *Detroit v Hodges, supra,* indicate that "loitering", in this context, represents a mere presence standard. The *Hodges* opinion noted:

"The word 'loiter' has no sinister meaning and, by itself, implies no wrongdoing or misconduct or engagement in prohibited practices." 13 Mich App at 534. (Citations omitted.)

Rather, some conduct deleterious to the public good must be connected to the loitering. In this case, that conduct is the knowing acquiescence of narcotics paraphernalia in an individual's presence. The ordinance itself covers all elements of presence by proscribing "loiter[ing] about, frequent[ing] or liv[ing]" in a place where narcotics or specific implements for narcotics use are "kept illegally".

The police in the instant case could reasonably believe that defendant's presence near clearly visible narcotics paraphernalia was violative of the wide sweep of the ordinance. Whether it was specifically loitering, frequenting, or living is not crucial in this context. The police could see that defendant's activity violated the ordinance.

The fact that defendant's arrest was valid legitimizes the subsequent search of his person. Where the people attempt to sustain the validity of a warrantless search, they must

"demonstrate that the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirement. *Coolidge v New Hampshire,* 403 US 443, 454–455; 91 S Ct 2022; 29 L Ed 2d 564 (1971), *People v Mason,* 22 Mich App 595, 616–617; 178 NW2d 181 (1970)." *People v White,* 392 Mich 404, 410–411; 221 NW2d 357 (1974), *cert den* 420 US 912 (1975).

We find that police behavior in the instant case satisfied an established exception to the warrant requirement, the search "incident to an arrest" exception. Such a search must be limited to

"a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v California,* 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969).

After arresting defendant, police searched his person and discovered both a weapon, which he might have used, and evidence which he might have destroyed. See also *People v Nelson,* 29 Mich App 251; 185 NW2d 183 (1970), where defendant was also legitimately arrested under the state law equivalent of the instant ordinance and where a legitimate search incident to the arrest was made.

Reversed and remanded for proceedings consistent with this opinion.