PEOPLE v SMITH

(CITY OF DEARBORN v SMITH)

1. Constitutional Law—Freedom of Association—Regulations—
   Fundamental Right—State Interest—Intended Purpose.

   Freedom of association must be classed as a fundamental right
   within the penumbra of the First Amendment; it cannot be
   infringed by regulation unless justified by a compelling state
   interest and, even assuming such a compelling state interest,
   the regulation cannot stand if any less drastic way of satisfying
   its intended purpose appears (US Const, Am I).

2. Criminal Law—Constitutional Law—Loitering—Definitions—
   Conduct Deleterious to Public.

   Loitering is generally defined as being dilatory, standing idly,
   lingering or delaying, it is not a crime in itself and cannot be
   punished constitutionally unless some conduct deleterious to
   the public good is connected to the loitering.

3. Constitutional Law—Due Process—Ordinances—Vague and
   Overbroad—Protected Activity or Conduct.

   The due process clause of the Fourteenth Amendment prohibits
   statutes or ordinances that are void for vagueness and while an
   ordinance may be clear and precise in what is prohibited,
   overbreadth may exist if its reach prohibits constitutionally
   protected activity or conduct (US Const, Am XIV).

4. Criminal Law—Constitutional Law—Ordinances—Loitering—
   Drugs—Intent or Knowledge—Vague Provisions—Right of
   Association.

   An ordinance which prohibits loitering in all places where mari-

References for Points in Headnotes
[1] 16 Am Jur 2d, Constitutional Law §§ 342, 348, 353–355, 359.
   Supreme Court and right of free speech and press. 2 L Ed 2d 1706.
[2–5] 16 Am Jur 2d, Constitutional Law § 552.
[3] 75 Am Jur 2d, Statutes § 346.
   Indefiniteness of language as affecting validity of criminal legisla-
   tion or judicial definition of common-law crime. 16 L Ed 2d 1231.

juana is used regardless of whether any intent to use or knowledge exists is defective on its face because its provisions are so vague that the constitutionality protected right of association is compromised by its continued use.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—FREEDOM OF MOVEMENT—STATE INTEREST—NARROW AND PARTICULAR MEASURES.

An ordinance which basically restricts freedom of social movement cannot be allowed to go unchallenged where the compelling state interest in prohibiting illegal use of marijuana can be realized by measures more narrowly and particularly drawn to achieve this purpose.

Appeal from Wayne, Roman S. Gribbs, J. Submitted February 2, 1977, at Detroit. (Docket No. 27187.) Decided April 18, 1977.

Prentice C. Smith was convicted of violating a city ordinance against loitering. Defendant appeals. Reversed.

*William C. Hultgren* and *William C. Mulcahy,* for the People of the City of Dearborn.

*Thomas J. Guyer,* Wayne County Neighborhood Legal Services, for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Plaintiff and defendant, Prentice Craig Smith, have stipulated to the facts and record on appeal. Pursuant to GCR 1963, 705.20(i), the trial judge certified the stipulation, which we recognize as the settled record in the case. The stipulation appears as follows:

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"STIPULATION AS TO FACTS, RECORD
AND ISSUE ON APPEAL

"On May 24, 1974, Defendant was driving an automobile within the Dearborn city limits. The owner was in the back seat; another passenger was in the front. Two Dearborn police officers stopped the car when they observed the owner drinking from a beer can.

"When the officers reached the car they saw a plastic bag of marijuana on the floor of the rear seat, and they smelled marijuana when the car door was opened. A search turned up a partially-smoked marijuana cigarette under the right floormat and another in the ashtray.

"Defendant was convicted in a non-jury trial of violating Dearborn Ordinance No. 72-1756, Section 2(3), which reads:

" 'No person shall loiter in any place within the City of Dearborn where marijuana or paraphernalia used or adapted for use with marijuana are used, sold, dispensed, furnished, given away, or stored, or otherwise illegally kept.'
Defendant was sentenced to pay a fine of $50 or serve 10 days in the House of Correction. He paid the fine and now appeals.

"The parties agree that the ordinance was construed by the trial court to apply only to persons who loiter where they *know* marijuana or paraphernalia is used, etc."

On appeal, we perceive the question involved to be whether the ordinance, which prohibits loitering in any place within the City of Dearborn where marijuana or paraphernalia used or adapted for use with marijuana are used, sold, dispensed, furnished, given away, or stored, or otherwise illegally kept is so vague as to violate the First Amendment right of association.

In *Healy v James,* 408 US 169; 92 S Ct 2338; 33 L Ed 2d 266 (1972), the Supreme Court discerned

that while freedom of association is not explicitly enumerated in the First Amendment, the right has long been held implicitly part of First Amendment guarantees. Consequently, freedom of association must be classed as a "fundamental right" within the "penumbra" of the First Amendment. See *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965).

Once found to be "fundamental", a right cannot be infringed by regulation unless justified by a "compelling state interest". *Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1972). Further, even assuming such compelling state interest, the regulation cannot stand if any "less drastic way" of satisfying its intended purpose appears. *Shelton v Tucker,* 364 US 479; 81 S Ct 247; 5 L Ed 2d 231 (1960).

The "compelling state interest" of the ordinance in the instant case is "to make unlawful the trafficking in, possession or use of marijuana and certain paraphernalia used with the marijuana". The initial issue then becomes whether the ordinance is "narrowly drawn" and formidable enough to withstand constitutional attack or whether "less drastic" means exist by which the interest of the government can be properly served.

"Loitering" is generally defined as being dilatory, standing idly, lingering or delaying. *People v Morris,* 66 Mich App 514; 239 NW2d 649 (1976). In *Detroit v Hodges,* 13 Mich App 531, 534; 164 NW2d 781 (1968), the Court notes:

"The word 'loiter' has no sinister meaning and, by itself, implies no wrongdoing or misconduct or engagement in prohibited practices."

Thus, loitering is not a crime in itself and can-

not be punished constitutionally. More is required, as we recently stated in *Morris:*

"Rather, some conduct deleterious to the public good must be connected to the loitering. In this case, that conduct is the knowing acquiescence of narcotics paraphernalia in an individual's presence." *People v Morris, supra* at 519.

The Dearborn ordinance makes loitering "in *any place* within the City of Dearborn where marijuana or paraphernalia used or adopted for use [illegally]" a crime. (Emphasis added.) The ordinance states "any place" and makes mere presence in that place a crime. We question whether this ordinance is so narrowly drawn as to be a minimal infringement upon the First Amendment right of free association. We must decide whether less drastic ways may exist to curb trafficking in marijuana.

One approach could be to prohibit loitering *with intent* to acquire or use a forbidden substance. One jurisdiction has adopted this approach and its constitutionality has been upheld. *People v Pagnotta,* 25 NY2d 333; 305 NYS2d 484; 253 NE2d 202 (1969). See also Anno: *Validity, Construction, and Application of Statutes Prohibiting Loitering for the Purpose of Using or Possessing Dangerous Drugs,* 48 ALR3d 1271.

The Supreme Court has stated courts "will not presume that the statute curtails constitutionally protected activity as little as possible". *NAACP v Button,* 371 US 415, 432; 83 S Ct 328; 9 L Ed 2d 405 (1963). Therefore, no presumption can be drawn that the ordinance in question is the least drastic infringement of protected rights. On the contrary, other states have been able to draft laws more narrowly and demonstrate that less drastic

measures are available to serve the governmental purpose of curtailing drug traffic. *People v Pagnotta, supra.*

Interwoven with the First Amendment argument of narrowness is the secondary question of whether the ordinance is vague and overbroad. The due process clause of the Fourteenth Amendment prohibits statutes or ordinances that are void for vagueness. In *Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294; 33 L Ed 2d 222 (1972), the Court in discussing vague law states:

> "Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' Uncertain meanings inevitably lead citizens to 'steer far wider of the unlawful zone' * * * than if the boundaries of the forbidden areas were clearly marked."

Thus, an ordinance may be vague because its coverage is overbroad and impinges on First Amendment freedoms. *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). While the ordinance in this case may be clear and precise in what is prohibited, overbreadth may exist if its reach prohibits constitutionally protected activity or conduct. *Zwickler v Koota,* 389 US 241; 88 S Ct 391; 19 L Ed 2d 444 (1967), *Grayned, supra.*

When we apply this standard to the present case, we find the ordinance fails for two interdependent reasons. First, the ordinance prohibits loitering in all places where marijuana is used, regardless of whether any *intent* to use or knowledge exists. See *People v Pagnotta, supra.* Further, though the trial court interpreted the ordinance so, as to require that persons loitering *know* marijuana or its incidental paraphernalia are being

used in the prohibited location, the ordinance itself does not so specify. We will not imply a knowledge requirement. Consequently, we find the ordinance defective on its face because its provisions are so vague that the constitutionally protected right of association is compromised by its continued use. In short, an ordinance which so basically restricts freedom of social movement cannot be allowed to go unchallenged. The compelling state interest in prohibiting illegal use of marijuana can be realized by measures more narrowly and particularly drawn to achieve this purpose.

Reversed.