PEOPLE v HUNTER (ON REMAND)

Docket No. 47859. Submitted January 18, 1979, at Detroit.—Decided
    November 21, 1979.

Robert D. Hunter was arrested under a Detroit municipal ordi-
    nance which prohibits knowingly loitering in a place where
    narcotics paraphernalia are kept or sold. A subsequent search
    of Hunter's person revealed a quantity of suspected heroin, and
    he was charged with possession of heroin with intent to deliver.
    The defendant moved to quash the information and Recorder's
    Court of Detroit, George W. Crockett, Jr., J., granted the
    motion and dismissed the case, finding the ordinance under
    which the defendant was arrested to be unconstitutional. The
    dismissal was upheld on appeal, *People v Hunter,* 90 Mich App
    1; 282 NW2d 218 (1979). A majority of the panel held that the
    ordinance was unconstitutional and concluded that since the
    defendant had been arrested pursuant to that ordinance, both
    the arrest and the search were invalid. Plaintiff's application
    for leave to appeal was denied by the Supreme Court. Later,
    the Supreme Court granted plaintiff's motion for reconsidera-
    tion of its application for leave to appeal and remanded the
    case to the Court of Appeals for its reconsideration, 406 Mich
    1006 (1979). The question presented is whether an arrest made
    in reliance on an ordinance, which at the time had not been
    declared unconstitutional, is valid regardless of a subsequent
    judicial determination of unconstitutionality. *Held:*

    An ordinance passed by a city government is presumed to be
    constitutional. The record establishes that the arresting officers
    had abundant probable cause to believe that the defendant was
    violating the ordinance. Therefore, the defendant was subject to
    a valid arrest. The validity of his arrest is not affected by the
    subsequent judicial determination that the ordinance is uncon-
    stitutional. Because the arrest was valid, the search which
    followed, being incidental to the arrest, was also valid.

    Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
    cal Subdivisions §§ 382, 490.
68 Am Jur 2d, Searches and Seizures § 37.

CRIMINAL LAW — ORDINANCES — ARREST — SEARCHES AND SEIZURES
— CONSTITUTIONAL LAW.

The validity of an arrest for violation of a city ordinance and a
search incidental to that arrest are not affected by a subse-
quent judicial determination that the ordinance is unconstitu-
tional; a city ordinance is presumably valid.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Don W. Atkins,* As-
sistant Prosecuting Attorney, for the people.

Before: D. C. RILEY, P.J., and J. H. GILLIS and
MacKENZIE, JJ.

PER CURIAM. Defendant was found in the living
room of a house the police had entered pursuant
to a search warrant. Syringes and other narcotic
paraphernalia were in plain view. Defendant was
arrested for knowingly loitering in a place where
such paraphernalia is kept or sold. Detroit Munici-
pal Code § 28-8-8. A search of defendant revealed a
quantity of powder alleged to contain heroin.

Defendant was charged with possession of heroin
with intent to deliver, MCL 335.341(1)(a); MSA
18.1070(41)(1)(a). After being bound over, defen-
dant moved to suppress the evidence obtained in
the search following the arrest and to quash the
information. The trial court found the ordinance
under which defendant was initially arrested to be
unconstitutional and granted the motion.

Plaintiff appealed to this Court as a matter of
right. This Court affirmed. *People v Hunter,* 90
Mich App 1; 282 NW2d 218 (1979). A majority of
the panel held that the ordinance was unconstitu-
tional and concluded implicitly that since the de-

fendant had been arrested pursuant to that ordinance, both the arrest and the search were invalid.

On July 19, 1979, the Michigan Supreme Court denied plaintiff's application for leave to appeal. 406 Mich 1006 (1979). On October 16, 1979, the Michigan Supreme Court granted plaintiff's motion for reconsideration of its application for leave to appeal and remanded the case to the Court of Appeals for reconsideration in light of *Michigan v DeFillippo,* 433 US 31; 99 S Ct 2627; 61 L Ed 2d 343 (1979).

The question presented is whether an arrest made in reliance on an ordinance, which at the time had not been declared unconstitutional, is valid regardless of a subsequent judicial determination of its unconstitutionality. On the authority of *Michigan v DeFillippo, supra,* we hold that it is and reverse.

The ordinance in question is presumptively valid. *People v McQuillan,* 392 Mich 511, 536-537; 221 NW2d 569 (1974). A review of the record establishes that the arresting officers had abundant probable cause to believe that the defendant was committing an offense, *i.e.,* violating the ordinance. Accordingly, the defendant was subject to a valid arrest. *Detroit v Recorder's Court Judge,* 85 Mich App 284, 290; 271 NW2d 202 (1978), MCL 764.15; MSA 28.874. The validity of the arrest is not affected by the subsequent judicial determination that the ordinance is unconstitutional. *Michigan v DeFillippo, supra.* The search which followed was valid because it was incidental to the arrest. *United States v Robinson,* 414 US 218, 235; 94 S Ct 467; 38 L Ed 2d 427 (1973).

The evidence discovered in the course of that search should not have been suppressed. The motion to quash was improperly granted.

Reversed. The case is remanded for further proceedings not inconsistent with this opinion.