## PEOPLE v DOMBE

Docket No. 69288. Submitted December 14, 1983, at Detroit.—Decided
     March 21, 1984. Leave to appeal applied for.

Gwen L. Dombe and others were convicted of being disorderly
     persons by knowingly loitering in a home at the time the
     owner sold a controlled substance, 24th District Court. On
     appeal to the circuit court, the Wayne Circuit Court, Paul S.
     Teranes, J., affirmed. Defendants appeal by leave granted.
     *Held:*

The statute prohibiting a person from knowingly loitering in
     or about a place where an illegal occupation or business is
     being conducted is not unconstitutionally overbroad and does
     not infringe upon the first amendment guarantee of freedom of
     association.

Affirmed.

DISORDERLY CONDUCT — LOITERING — CONSTITUTIONAL LAW.

The statute prohibiting a person from knowingly loitering in or
     about a place where an illegal occupation or business is being
     conducted is not unconstitutionally overbroad and does not
     infringe upon the first amendment guarantee of freedom of
     association (MCL 750.167[1][j]; MSA 28.364[1][j]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Janice M. Joyce
Bartee,* Assistant Prosecuting Attorney, for the
people.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan &
Hayes, P.C.* (by *James A. Callahan),* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
[1] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 13, 38.
   16A Am Jur 2d, Constitutional Law § 529 *et seq.*

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Defendants were arrested on May 10, 1982, and charged in district court under subsection (j) of the disorderly persons statute, MCL 750.167(1)(j); MSA 28.364(1)(j), which provides:

"A person is a disorderly person if the person is any of the following:

* * *

"(j) A person who knowingly loiters in or about a place where an illegal occupation or business is being conducted."

Defendants were allegedly present in the home of Mr. Boutillier at the time Boutillier sold a controlled substance to an undercover police officer. Defendants' motion to quash the information on the ground that subsection (j) is unconstitutional was denied by the trial court. Defendants were convicted by a jury and each was sentenced to 12 months probation. On appeal to the circuit court, the circuit court affirmed the convictions. Defendants appeal by leave granted, challenging the constitutionality of subsection (j) of the disorderly persons statute.

Defendants rely on *People v Smith,* 75 Mich App 64; 254 NW2d 654 (1977), and *People v Hunter,* 90 Mich App 1; 282 NW2d 218 (1979), *remanded* 406 Mich 1006 (1979), *rev'd on remand,* 94 Mich App 50; 287 NW2d 366 (1979).

In *Smith* the defendant was convicted of violating a Dearborn ordinance which provided that:

" ' "No person shall loiter in any place within the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

City of Dearborn where marijuana or paraphernalia used or adapted for use with marijuana are used, sold, dispensed, furnished, given away, or stored, or otherwise illegally kept." ' " 75 Mich App 66.

A panel of this Court held that the ordinance violated the First Amendment right of association and was unconstitutionally vague and overbroad. However, *Smith* should be distinguished from the instant case because the ordinance there did not include a knowledge or intent requirement. The *Smith* Court was concerned that the ordinance prohibited constitutionally protected activity by including within its scope persons who were merely present without knowledge of the marijuana or paraphernalia. That concern is not present here because subsection (j) is limited to persons who loiter with knowledge that the illegal business or occupation is being conducted.

In *People v Hunter* the defendant was arrested for violation of a Detroit Municipal Code provision which stated:

" 'No person shall knowingly loiter about, frequent or live in any building, apartment, store, automobile, boat, boathouse, aeroplane or other place of any description whatsoever where narcotic drugs, hypodermic syringes, needles or other instruments or implements or empty gelatin capsules are sold, dispensed, furnished, given away, stored or kept illegally.' " 90 Mich App 5.

A search of the defendant at the time of arrest revealed a quantity of powder alleged to contain heroin, and defendant was charged with possession of heroin with intent to deliver. On the defendant's motion the trial court quashed the information finding the ordinance under which defendant was initially arrested to be unconstitutional. A majority of the Court of Appeals panel affirmed,

finding that the interest sought to be achieved by the ordinance was not accomplished through the most narrow means possible. The majority held that there existed a less drastic means of seeking to curb drug abuse, *i.e.,* the requirement of an intent to participate in the unlawful activity. The Supreme Court subsequently remanded the case to the Court of Appeals for reconsideration in light of *Michigan v DeFillippo,* 443 US 31; 99 S Ct 2627; 61 L Ed 2d 343 (1979). On remand, the Court of Appeals reversed its earlier decision and held that the arrest and search incident thereto, made in reliance on an ordinance which at the time had not been declared unconstitutional, were valid regardless of the subsequent judicial determination of unconstitutionality.

The issue in *Hunter* was the validity of the arrest and search which led to the charge of possession of heroin with intent to deliver. In view of the court's holding on remand, the majority's original finding that the arrest was made pursuant to an unconstitutional ordinance was not necessary to resolution of the case and was therefore dictum. Furthermore, the dictum in *Hunter* is not applicable to the instant facts. The majority in *Hunter* expressed the following concern:

"Under such 'knowledge' standard, persons with acceptable or laudable reasons for being knowingly present where paraphernalia and/or drugs are allegedly located could be prosecuted under the ordinance. Counselors, religious advisors, or other persons seeking to work with drug users on their own ground would be covered. Family members, aware that a person was using drugs in the home, but not wishing to sever ties, could likewise be convicted." *90 Mich App 3.*

The statute in the instant case, however, prohib-

its a person from knowingly loitering in a place where an illegal occupation or business is being conducted. Subsection (j) covers a much narrower set of circumstances than the ordinance involved in *Hunter* and the concerns expressed in that case are simply not present here.

Finally, we are in agreement with the dissent of Judge GILLIS in *Hunter* and find his reasoning even more appropriate to the case at bar. Subsection (j) is narrowly drawn and proscribes only conduct which is harmful to the public good. There is no danger that persons engaging in constitutionally protected activities will be convicted under the statute. Any infringement upon freedom of association is minimal and is outweighed by the legitimate governmental interest in preventing the conduct of illegal businesses and occupations. We conclude that the statute is not unconstitutionally overbroad and does not infringe upon the First Amendment freedom of association.

Affirmed.