CITY OF DETROIT *v.* RITCHEY

MUNICIPAL CORPORATIONS—LOITERING—ORDINANCE—CONSTITUTIONAL
  LAW—VAGUENESS.
    A municipal ordinance against loitering is not constitutionally
    overboard or vague where it achieves its obviously regulatory
    purpose of keeping sidewalks clear by prohibiting only stand-
    ing on a sidewalk so as to hinder or impede pedestrian traffic
    (Detroit City Code § 58–1–10).

Appeal from Recorder's Court of Detroit, An-
drew Wood, J. Submitted Division 1 May 4, 1970,
at Grand Rapids. (Docket No. 4,866.) Decided
June 29, 1970.

Ruth Ann Ritchey was convicted of loitering. De-
fendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *Robert D.
McClear* and *John E. Cross,* Assistants Corporation
Counsel, for the City of Detroit.

*Morad, Frankland & Carlin,* for defendant on ap-
peal.

Before: FITZGERALD, P. J., and J. H. GILLIS and
O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCES FOR POINTS IN HEADNOTE
39 Am Jur 2d, Highways, Streets, and Bridges §§ 250, 436.
Validity of loitering statutes and ordinances. 25 ALR3d 836.

PER CURIAM.  Defendant was convicted by a jury of loitering in the City of Detroit in violation of a Detroit city ordinance.*  Upon appeal, she questions the constitutionality of the ordinance and whether there was sufficient evidence to support the verdict of the jury.

The first challenge has already been answered by this Court.  We have determined that:

"The ordinance does not prohibit standing on a sidewalk, but only standing on a sidewalk so as to hinder or impede pedestrian traffic.  Thus the Detroit loitering ordinance achieves its obvious regulatory purpose of keeping sidewalks clear and is not unconstitutionally broad or vague." *City of Detroit* v. *Wedlow* (1969), 17 Mich App 134, 139.

A review of the transcript establishes that there was testimony before the jury which supported the jury's verdict.  A reviewing court will not weigh evidence anew.  *People* v. *Eagger* (1966), 4 Mich App 449.  Because there is evidence upon the record which supports the jury verdict, and the record is free of constitutional error, this case must be affirmed.  *People* v. *Danles* (1969), 15 Mich App 510.

We are satisfied that defendant was fairly tried.  Other issues raised are without merit.

Affirmed.

---

* Detroit City Ordinance 78C (§ 58–1–10 of the Detroit City Code).