THE CITY OF AKRON *v.* PARRISH.

(No. 81 CRB 236 — Decided
June 15, 1981.)
Akron Municipal Court.

*Mr. Gary Himmel,* assistant city prosecutor, for plaintiff.

*Ms. Patti M. Schachter,* for defendant.

GEORGE, J. The undisputed facts of this matter occurred as follows:

At 1:48 a.m. on January 10, 1981, officers in a marked patrol car saw the defendant and Joyce Hunt in a stopped car in the street talking to an unidentified man in another car on Talbot Avenue, between McKinley Street and Baird Street. The engine of the car was running and the car was in the roadway. The officers did not hear the conversation between these people. The officers gave Joyce Hunt a ticket for a failure to display a front license plate on her vehicle, and the officers told the defendant and Joyce Hunt to leave the area.

Joyce Hunt drove her car around the corner, parked it there, and the two of them went into Julius' Bar on Arlington Street and stayed until closing at 2:30 a.m. At 2:53 a.m. at Bittaker and Arlington, across the street from Julius' Bar, the same officers observed the defendant and Joyce Hunt waving at a passing car which pulled over and stopped. The defendant and Joyce Hunt then approached the car. The person in the stopped car saw the officers and left. The officers did not hear any conversation between the occupants of the stopped car and the girls. At that point, the officers decided to issue a summons for loitering, in violation of Section 648.14(a)(1) of the Codified Ordinances of Akron.

The officers pulled up to the defendant and Joyce Hunt and told them to come over to the cruiser. Joyce Hunt proceeded toward her car (parked in the parking lot at Arlington and Bittaker). The defendant walked northbound on Arlington until Officer McFarland apprehended her 100 yards from the cruiser.

The defendant has a prior conviction for soliciting on July 31, 1980.

When taken to the patrol car, the defendant did not offer any resistance, fight or strike the officers. However, she did use language not used in polite society.

Venue in this cause has been stipulated.

The defendant moves the court to dismiss this action contending that the ordinance under which she was arrested is unconstitutionally vague and overbroad.

The defendant's arguments have been answered by this court previously in the decision rendered in *Akron* v. *Massey* (1978), 56 Ohio Misc. 22, 10 O.O. 3d 216. After reviewing the briefs submitted by both parties this court stands firm in the correctness of that decision and denies the defendant's motion for dismissal.

A prostitute-loitering ordinance is constitutionally valid when the crime of loitering is defined and limited so not to sweep protected activity into its ambit. The elements of the misdemeanor under Section 648.14(a)(1) of the Codified Ordinances of Akron, Ohio are:

1. loitering or loafing;

2. in a public place;

3. with the purpose of engaging in or soliciting sexual activity.

The Akron ordinance is nearly identical to the ordinance questioned and upheld in *Seattle* v. *Jones* (1971), 79 Wash. 2d 626, 488 P.2d 750. That ordinance prohibited loitering in public places under circumstances manifesting the purpose of inducing, enticing, soliciting, or procuring prostitution. Following this proscription in the ordinance were listed circumstances that would be considered by law enforcement officers for inferring unlawful intent. This ordinance was held not to be vague or overbroad.

The defendant relies on the case of *Papachristou* v. *Jacksonville* (1972), 405 U.S. 156, which involved a vagrancy ordinance. That ordinance set out the prohibited activity as "wandering or strolling around from place to place without any lawful purpose or object." *Papachristou,* at page 157. This case and the other loitering cases cited by the defendant dealt with loitering prohibitions which were not coupled to an illegal purpose as is the Akron ordinance.

The defendant cites a case from Akron Municipal Court, *Akron* v. *Serra* (1974), 40 Ohio Misc. 14, 69 O.O.2d 67, contending the ordinance is a threat to freedom of speech. Clearly, the only aspect of speech targeted by the ordinance is speech for the purpose of sexual activity for hire. This type of speech is not constitutionally protected.

Because the ordinance is not vague or overbroad there is no evidence to support defendant's contention of arbitrary enforcement.

In accordance with the foregoing, the defendant's motion to dismiss is hereby denied.

*Motion to dismiss denied.*