463 So.2d 205 (1985)
Nelson WATTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 64613.
Supreme Court of Florida.
January 24, 1985.
Jerry Hill, Public Defender and L.S. Alperstein, Asst. Public Defender, Tenth Judicial Circuit, Tampa, for petitioner.
Jim Smith, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
This case is before us to review the district court decision in Watts v. State, 447 So.2d 271 (Fla. 2d DCA 1983), which expressly declared valid Florida's loitering and prowling statute, section 856.021, Florida Statutes (1981).[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
At Watts' trial for loitering and prowling the state presented testimony that a police officer had observed Watts in the early evening hours of November 6, 1982 looking into cars in a restaurant parking lot. Watts walked away as the officer approached him. The officer returned to the parking lot a few minutes later and found Watts again engaged in peering into the parked cars. Watts then ran from the area and eluded a police search. When Watts testified at trial, he stated that he knew nothing about the incident related by the police officer. The county court found Watts guilty of violating section 856.021 and sentenced him to sixty days in the county jail.
On appeal the circuit court rejected Watts' challenge to the facial constitutionality of section 856.021 based upon the United States Supreme Court decision in Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), which held the California loitering statute unconstitutionally vague. The district court denied review after agreeing with the circuit *206 court that section 856.021, as construed in State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), did not suffer from the vagueness problems found in the California loitering statute overturned in Kolender.
Watts now contends that the district court should have declared section 856.021 invalid. He argues that the statute fails to describe with sufficient particularity what a person must do in order to satisfy the statute and avoid arrest. Therefore, according to Watts, section 856.021 must be declared unconstitutional on its face in light of Kolender. We disagree with Watts and approve the district court's holding that the result in Ecker remains constitutionally valid.
State laws forbidding loitering and other related crimes, such as vagrancy and disorderly conduct, have raised serious constitutional questions for many years. Litigants have successfully challenged several of these laws on vagueness and overbreadth grounds. See Kolender; Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Palmer v. City of Euclid, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971). The city ordinance declared unconstitutional in Papachristou was patterned on the predecessor statute to section 856.021. The legislature enacted the present loitering and prowling statute to cure the previous law's constitutional defects.
In Ecker this Court found that section 856.021 passed constitutional muster against challenges that it was vague and overbroad, required self-incrimination, and was subject to arbitrary enforcement. The Ecker majority found that the statute contained two elements which must be proven before conviction:
(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
311 So.2d at 106. Ecker discussed how a person's production of credible and reliable identification can serve to dispel a police officer's alarm or concern for public safety and thus help the person avoid arrest. The opinion went on, however, to point out that lack of proper or credible identification alone, without any circumstances alleged to otherwise constitute a threat to public safety, was not sufficient to support a conviction under section 856.021. Id. at 111.
In contrast the California loitering statute, section 647(e),[2] had been construed in People v. Solomon, 33 Cal. App.3d 429, 108 Cal. Rptr. 867 (1973), cert. denied, 415 U.S. 951, 94 S.Ct. 1476, 39 L.Ed.2d 567 (1974), to require the following three elements for conviction: "(1) loitering on the streets, (2) refusal to identify and account on request, (3) in circumstances involving the public safety." Id. at 432, 108 Cal. Rptr. at 868. The duty to identify element required a loitering suspect to provide the police officer with identification "carrying reasonable assurance that the identification is authentic and providing means for later getting in touch with the person who has identified himself." Id. at 438, 108 Cal. Rptr. at 873. Kolender found this identification requirement void for vagueness because a person stopped under the California statute has no way of knowing whether any particular identification will satisfy the requirement. The statute thus grants unbridled discretion to a police officer to decide whether a person may continue on his way or face arrest for loitering. The California loitering statute, as written and as construed by the state courts, stood vague on its face for encouraging arbitrary enforcement. Kolender.
*207 We believe that Kolender does not affect the validity of section 856.021. The failure to identify is not an element of the crime here, as in the California loitering statute. Moreover, a person's identification or refusal to identify is merely a circumstance to consider in deciding whether the public safety is threatened. The credible and reliable identification issue discussed in Ecker comes into play only after the two elements of section 856.021 have been established. We therefore reject Watts' argument that Kolender renders section 856.021 constitutionally invalid.
Accordingly, we hold section 856.021 valid on its face and approve the district court decision under review.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
Consistent with my position in State v. Ecker, 311 So.2d 104, 111-12 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), I must respectfully dissent and would find section 856.021, Florida Statutes (1981), unconstitutional due to vagueness and overbreadth. The vagueness consists in the lack of definition of such words, phrases, and clauses as "loiter," "prowl," "at a time or in a manner not usual for law-abiding individuals," and "under circumstances that warrant a justifiable and reasonable alarm or immediate concern." The overbreadth consists in the fact that the statute is susceptible of application to conduct that is protected by constitutional principles of personal liberty. A further infirmity inheres in the fact that the statute requires that a person confronted by a police officer must respond to police questioning. The statute thus is susceptible of being interpreted to penalize the exercise of the right to remain silent. These problems compel me to find that the statute is invalid.
As I said in dissent in State v. Williams, 315 So.2d 449, 449-50 (Fla. 1975),
It is my firm belief that there are sufficient criminal statutes in existence at this time without the necessity of a catchall loitering statute such as Section 856.021, Florida Statutes. I feel that this statute is unconstitutional because it interferes with the freedom of movement of citizens in the same way as did the old vagrancy statutes which have been stricken down by the courts. No individual should be incarcerated simply because the nature of his conduct does not comport with a standard which a police officer considers proper unless there is actual evidence that a crime has been committed, is being committed or is about to be committed. It requires little imagination to contemplate many situations in which persons could easily be conducting themselves in a manner to arouse the suspicions of police officers without violating any statute or doing any harm to the public good.
For the above reasons, I must respectfully dissent.
This statute casts out a wide net, leaving it to police, prosecutors, and finally the courts to decide who should be detained and who set free. See B.A.A. v. State, 356 So.2d 304 (Fla. 1978). It violates the constitution and should be struck down.
NOTES
[1] § 856.021 provides:

(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[2] Cal.Penal Code § 647(e) (Deering 1983) provides:

Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor... .. (e) Who loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer so to do, if the surrounding circumstances are such as to indicate to a reasonable person that the public safety demands such identification.