PER CURIAM.
This case is before us to review the decision in State v. Hurst, 448 So.2d 612 (Fla. 3d DCA 1984), which the district court has certified as one which passes upon a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The certified question concerns the continued validity of Florida’s loitering and prowling statute, section 856.021, Florida Statutes (1981), after Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), which held California’s loitering statute unconstitutional on vagueness grounds. In Watts v. State, 463 So.2d 205 (Fla.1985), we addressed this issue and found that section 856.021, as construed in State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), did not suffer from the vagueness problems present in the California loitering statute. For the reasons set out in Watts we answer the certified question by holding that section 856.021 remains valid and constitutional even after Kolender. Accordingly, we approve the decision under review.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.