## STATE OF FLORIDA v MARKOWITZ
### Case No. 88-63AC10 (Lower Court Case No. 88-11418MM10A)
Seventeenth Judicial Circuit, Broward County
March 13, 1991

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.

**Jerome M. Rosenblum, Esquire,** for appellee.

### OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of an order granting defendant's Motion to Dismiss the information dated July 12, 1988.

On May 4, 1988, the Appellee was arrested. The Information filed by the State on June 10, 1988 charged Appellee with loitering and prowling which is a violation of Florida Statute 856.021. Appellee filed a Motion to Dismiss the Information claiming that the inclusion of certain language in the Information was unconstitutional under *Kolen-*

*der v Lawson,* 461 U.S. 352, 76 L.Ed 2d 903, 103 S.Ct. 1855 (1983). The language complained of is as follows:

". . .upon questioning by Officer McGowan of the Plantation Police Department, the above said individual could not adequately explain his presence in the area and dispel the Officer's alarm contrary to F.S. 856.021." (R 27)

At a hearing on June 28, 1988 the trial court orally granted the Motion to Dismiss and permitted the State ten days to amend the Information, later signing an order to that effect. The State then timely filed a Notice of Appeal.

In *Hurst v State,* 464 So.2d 534 (Fla. 1985) the Florida Supreme Court re-evaluated the Florida Statute in light of the *Kolender* case and found the statute to be valid as construed in its earlier case *State v Ecker,* 311 So.2d 104 (Fla. 1975) for the reasons set out in *Watts v State,* 463 So.2d 205 (Fla. 1985).

The Florida Statute for loitering and prowling does not make failure to identify oneself an element of the crime as the California loitering statute in *Kolender* does. The Florida Statute only has 2 elements. The two elements must be present before the officer can even stop the defendant. In other words, the crime is already committed prior to the stop.

Florida Statute 856.021 then provides that the officer must give the defendant with an opportunity to explain his presence before making an arrest. Therefore, the statute defendant is charged under has been found constitutional under the *Kolender* standard.

Although there has not been a violation of *Kolender,* the language defendant complains of should be stricken because the language decides questions of fact which the fact-finder should determine. The information should merely state that the officer provided the defendant with the opportunity to dispel his alarm.

Bases of Florida Rules of Criminal Procedure 3.140(o), the information should only be dismissed if ". . .the court shall be of the opinion that the. . .information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense. . ." or expose him to double jeopardy upon conviction or acquittal.

The lower court did not find either of these exceptions, therefore, the surplus language should have been stricken as provided in Rule 3.140(i).

Accordingly, it is hereby

**9**

ORDERED and ADJUDGED that the trial court order dismissing the information is REVERSED and REMANDED for further proceedings in accordance with this opinion.

DONE and ORDERED in chambers, at the Broward County Courthouse, 201 Southeast 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 13th day of March, 1991.