G0SH0RN, Chief Judge.
The issue presented on appeal is whether the City of Sanford’s Ordinance No. 2032, which prohibits loitering for the purpose of engaging in drug related activity, is constitutional.[1]
*983 R.W. and E.L., both minors, were arrested and charged pursuant to the ordinance. They moved to dismiss the charges on the ground that the ordinance is facially unconstitutional. The trial court found that Sanford’s ordinance violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Additionally, the trial court relied on Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), and found that the ordinance was unconstitutionally vague and therefore facially void. As a result, the trial court granted the motions to dismiss.[2] We reverse.
In Kolender, the United States Supreme Court held that a California statute, which required persons who loiter or wander on the streets to provide “credible and reliable” identification and to account for their presence when requested by a police officer, was unconstitutionally vague because the statute failed to clarify what was required to provide “credible and reliable” identification. Id. at 358,103 S.Ct. at 1858. The Court explained as follows:
As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Hoffman Estates v. Flipside, Hoffman Estates, Inc. [455 U.S. 489,102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)], supra; Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Connolly v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine “is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement.” Smith, 415 U.S. at 574, 94 S.Ct., at 1247-1248. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit “a standardless sweep [that] allows policemen, prosecu *984 tors, and juries to pursue their personal predilections.” [Citation omitted].
Id. at 357-58, 103 S.Ct. at 1858.
We begin our analysis with a consideration of Florida’s loitering and prowling statute, section 856.021, Florida Statutes (1991), which provides in pertinent part:
It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
The Florida Supreme Court considered section 856.021 in State v. Eker, 311 So.2d 104, 109 (Fla.), cert. denied sub nom. Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975) and upheld the statute’s constitutionality by rejecting arguments based on vagueness and overbreadth. The court recognized that:
[I]f the statute broadly proscribed loitering or idling, without more, as in the manner of our previous statute, it would be unconstitutional. On the other hand, it is recognized that if a statute proscribes loitering that threatens public safety or a breach of the peace, it can withstand constitutional attack. Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965); Comarco v. City of Orange, 61 N.J. 463, 295 A.2d 353 (1972); People v. Solomon, 33 Cal.App.3d 429, 108 Cal.Rptr. 867, cert. den. 415 U.S. 951, 94 S.Ct. 1476, 39 L.Ed.2d 567 (1974); People of Detroit v. Ritchey, 25 Mich.App. 98, 181 N.W.2d 87 (1970).
Id. at 107-08. The court emphasized that the statute required that the loitering must occur under “circumstances where peace and order are threatened or where the safety of persons or property is jeopardized.” Id. at 109. The court then held as follows:
In justifying an arrest for this offense, we adopt the words of the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868,1880, 20 L.Ed.2d 889, 906 (1968): “... the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant” a finding that a breach of the peace is imminent or the public safety is threatened.
Id. After the United States Supreme Court issued its opinion in Kolender, the Florida Supreme Court reconsidered section 856.021 and again upheld the statute’s constitutionality. Watts v. State, 463 So.2d 205, 207 (Fla.1985).
In the instant case, the ordinance specifically recognizes that increasing drug trafficking and usage causes an immediate and imminent danger to the public health and safety and to property in the area and that this danger is significantly increased by the presence of numerous persons loitering for the specific purpose of committing an illegal act, i.e., drug trafficking and usage. Consequently, the ordinance requires more than mere loitering. The ordinance requires an intent to commit a criminal act, i.e., intent to engage in drug-related activity. As previously noted, the Florida Supreme Court held that the less specific loitering and prowling statute is constitutional. Eker, 311 So.2d at 109. Therefore, we have no difficulty finding that the more specific Sanford ordinance, which prohibits loitering for the purpose of engaging in drug-related activity, is facially constitutional.
The trial court was troubled by the section of the ordinance listing circumstances which may be considered as manifesting an intent to engage in drug-related activity. We merely observe that the list is not mandatory or even all inclusive, but rather, the list is only suggestive. See City of Akron v. Holley, 53 Ohio Misc.2d 4, 557 N.E.2d 861, 864 (Akron Mun.Ct.1989) (holding that “[a] prosecution under [the ordinance] may suggest the use of any one, all or none of the ‘circumstances’ under [the ordinance] and the question of the constitutionality of any separate subpara-graph must await its application in a particular case”); see also Wyche v. State, 573 So.2d 953 (Fla. 2d DCA 1991) (upholding the facial constitutionality of an ordinance, *985 which prohibited loitering for the purpose of prostitution and which itemized circumstances for consideration in applying the ordinance). But see Johnson v. Carson, 569 F.Supp. 974 (M.D.Fla.1983). We find the list of circumstances which may be considered, is superfluous. Regardless of the list, the arresting officer must be able to articulate specific facts which, “ ‘taken together with rational inferences from those facts, reasonably warrant’ a finding that a breach of the peace is imminent or the public safety is threatened.” Ecker, 311 So.2d at 109 (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). As in Ecker, this requirement also applies to the ordinance in the instant case, and therefore, the ordinance does not violate the due process protections provided in the Fifth and Fourteenth Amendments or the prohibition against unreasonable searches and seizures provided in the Fourth Amendment. Accordingly, we reverse the trial court’s findings to the contrary and remand the cause for further proceedings.
The question of the ordinance’s constitutionality as applied to a specific factual context is not before us and must await another day.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

.The ordinance provides:
ORDINANCE NO. 2032
AN ORDINANCE OF THE CITY OF SANFORD, FLORIDA, RELATING; TO THE PUBLIC SAFETY AND WELFARE PROHIBITING LOITERING FOR THE PURPOSE OF ENGAGING IN DRUG RELATED ACTIVITY SETTING FORTH CIRCUMSTANCES WHICH MAY BE CONSIDERED AS MANIFESTING SUCH PURPOSE, DECLARING SAID CONDUCT TO BE A MISDEMEANOR AND PROVIDING A PENALTY THEREFORE; PROVIDING FOR SEV-ERABILITY, CONFLICTS AND EFFECTIVE DATE.
NOW, THEREFORE, BE IT ENACTED BY THE PEOPLE OF THE CITY OF SANFORD, FLORIDA:
SECTION 1: The City Commission of the City of Sanford finds the public safety and morals of the citizens of the City of Sanford is being endangered by an increasing illicit drug trafficking and use in the City of Sanford. That said drug use is increasing rapidly causing immediate and imminent danger to the public health and safety and to property in the area where drug use is taking place and that said drug problem is being significantly increased by the presence of numerous persons loitering in certain areas of the City for the purpose of engaging in drug related activity.
SECTION 2: Chapter 18 of the City Code of the City of Sanford is hereby amended by the addition thereto of Section 34 as follows:
ARTICLE III: LOITERING FOR THE PURPOSE OF ENGAGING IN DRUG RELATED ACTIVITY.
A. Drug related loitering prohibited.
It shall be unlawful for any person to loiter in or near any public street, right of way, or place open to the public, or in or near any public or private place in the City of Sanford in a manner and under circumstances manifesting the purpose to engage in drug related activities contrary to the provisions of Chapter 893, of the Florida Statutes.
B. Section 21-21, Circumstances Manifesting such purposes enumerated.
Among the circumstances which may be considered as determining whether such purpose is manifest, are:
1. Such person is a known unlawful drug user, possessor, or seller. For purposes of this chapter, a "known unlawful drug user, possessor, or seller” is a person who has, within the knowledge of the arresting officer, been convicted in any court within this state any violation involving the use, possession, or sale of any of the substances referred to in Chapter 893.03, Florida Statutes, or 817.564 or such person has been convicted of any violation of any of the provisions of said chapters of Florida Statutes or substantially similar laws of any political subdivision of this state or any other state; or person who displays physical characteristics of drug intoxication or usage, such as “needle tracks”; or a person who possesses drug paraphernalia as defined in Section 893.145, Florida Statutes.
2. Such person is currently subject to an order prohibiting his/her presence in a high drug activity geographic area;
3. Such person behaves in such a manner as to raise a reasonable suspicion that he or she is about to engage in or is then engaged in an unlawful drug-related activity, including by *983 way of example only, such person acting as a "lookout”;
4. Such person is physically identified by the officer as a member of a “gang” or association which has as its purpose illegal drug activity;
5. Such person transfers small objects or packages for currency in a furtive fashion;
6. Such person takes flight upon the appearance of a police officer;
7. Such person manifestly endeavors to conceal himself or herself or any object which reasonably could be involved in an unlawful drug-related activity;
8. The area involved is by public repute known to be an area of unlawful drug use and trafficking;
9. The premises involved are known to have been reported to law enforcement as a place suspected of drug activity;
10. Any vehicle involved is registered to a known unlawful drug user, possessor, or seller, or a person for whom there is an outstanding warrant for a crime involving drug-related activity.
C. Penalty
Any person who violates the provisions of this Article shall be guilty of a misdemeanor of the second degree punishable as provided in 775.-082 or 775.083.
D. Arrest without warrant
Any law enforcement officer authorized to act within the city limits of the City of Sanford, may arrest any suspected loiterer under the provisions of this Article without a warrant in case delay in procuring a warrant would probably enable such suspected loiterer to escape arrest.
SECTION 3: If any provision of this Article is held to be invalid, unconstitutional or unenforceable for any reason, such invalidity shall not affect any other provision, or the application thereof, which shall be given effect without the invalid provision or application, to this and the provision of this Article are declared to be severable.
SECTION 4: That all ordinances or parts of ordinances in conflict herewith be and the same are hereby revoked.
SECTION 5: That this ordinance shall become effective immediately upon its passage and adoption.

. An order granting a motion to dismiss in a criminal case is appealable. State v. Smith, 578 So.2d 826 (Fla. 5th DCA 1991).