619 So.2d 244 (1993)
Oliver HOLLIDAY, Petitioner,
v.
CITY OF TAMPA, Respondent.
No. 78170.
Supreme Court of Florida.
March 25, 1993.
Rehearing Denied June 14, 1993.
Judge E. Luckey, Public Defender and Gary O. Welch, Asst. Public Defender, Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., Peggy A. Quince, Asst. Atty. Gen., and Tyron Brown, Asst. City Atty., Tampa, for respondents.
James T. Miller, Jacksonville, amicus curiae for Florida Ass'n of Criminal Defense Lawyers (FACDL).
Kraig A. Conn, Asst. Gen. Counsel, Tallahassee, amicus curiae for The Florida League of Cities, Inc.
Mary Ellen Ceely of Rano, Cauvel, Johnson & Ceely, P.C., Deland, and Robert Teir, Washington, D.C., amicus curiae for American Alliance for Rights and Responsibilities, the Sulpher Springs Action League, and Prison Crusade, Inc.
BARKETT, Chief Justice.
We have for review Holliday v. City of Tampa, 586 So.2d 64, 65 (Fla. 2d DCA 1991), in which the district court denied certiorari review, but certified the following question to this Court as one of great public importance:
Is section 24-43, City of Tampa Code (1989), facially constitutional?
We have jurisdiction.[1]
Oliver Holliday was charged with one count of loitering while manifesting the purpose of illegally using a controlled substance under section 24-43, City of Tampa Code (1989). Holliday pled no contest while reserving the right to appeal the facial validity of the ordinance.[2] Holliday *245 challenges the ordinance on various grounds, including that it is overbroad in that it unnecessarily impinges upon basic First Amendment rights of association, it is unconstitutionally vague because it allows arbitrary enforcement by police officers, and it violates substantive due process.
In Wyche v. State, 619 So.2d 231 (Fla. 1993), this Court invalidated a similar Tampa ordinance that prohibited loitering in a manner and under circumstances manifesting the purpose of engaging in solicitation for prostitution. Based on the authority of Wyche, we find that the ordinance at issue in this case is unconstitutional because it is vague, overbroad, and violative of substantive due process.[3]
We answer the certified question in the negative, quash the decision of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, J., concurs.
KOGAN, J., concurs with an opinion.
HARDING, J., concurs in result only with an opinion.
McDONALD, J. dissents with an opinion.
OVERTON and GRIMES, JJ., dissent.
KOGAN, Justice, concurring.
I concur for the reasons stated in my separate opinion in Wyche v. State, 619 So.2d 231 (Fla. 1993) (Kogan, J., concurring).
HARDING, Justice, concurring in result only.
I concur with the majority that the ordinance is unconstitutional because of vagueness. Moreover, while it is not dispositive of the issues here, I find no need for this ordinance. See Wyche v. State, 619 So.2d 231 (Fla. 1993) (Harding, J., concurring in result only).
McDONALD, Justice, dissenting.
For the reasons I expressed in Wyche v. State, 619 So.2d 231 (Fla. 1993), I would uphold the constitutionality of section 24-43, City of Tampa Code (1989). The drug crisis in Florida demands a response from local entities, and this ordinance would be particularly effective in reducing the use, possession, and transfer of illegal substances. The ordinance is narrowly tailored to meet the legitimate goals of the City of Tampa, while still satisfying the constitutional rights of the general public.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] The ordinance provides as follows:

A. It is unlawful for any person to loiter in a public place in a manner and under circumstances manifesting the purpose of illegally using, possessing, transferring or selling any controlled substance as that term is defined in section 893.02, F.S. (1988), as now enacted or hereinafter amended or transferred. Among the circumstances which may be considered in determining whether such a purpose is manifested are:
1. the person is a known illegal user, possessor or seller of controlled substances, or the person is at a location frequented by persons who illegally use, possess, transfer or sell controlled substances; and
2. the person repeatedly beckons to, stops, attempts to stop or engage in conversation with passers-by, whether such passers-by are on foot or in a motor vehicle, for the purpose of inducing, enticing, soliciting or procuring another to illegally possess, transfer, or buy any controlled substances; or
3. the person repeatedly passes to or receives from passers-by, whether such passers-by are on foot or in a motor vehicle, money, objects or written material for the purpose of inducing, enticing, soliciting or procuring another to illegally possess, transfer or buy any controlled substance.
B. In order for there to be a violation of subsection A, the person's affirmative language or conduct must be such as to demonstrate by its express or implied content or appearance a specific intent to induce, entice, solicit or procure another to illegally possess, transfer or buy a controlled substance.
C. No arrest shall be made for a violation of subsection A unless the arresting officer first affords the person an opportunity to explain his conduct, and no one shall be convicted of violating subsection A if it appears at trial that the explanation given was true and disclosed a lawful purpose.
D. For the purpose of this section, a "known illegal user, possessor or seller of controlled substances" is a person who, within one (1) year previous to the date of arrest for violation of this section, has within the knowledge of the arresting officer been convicted of illegal manufacturing, using, possessing, selling, purchasing or delivering any controlled substance.
§ 24-43, City of Tampa Code (1989).
[3] In Wyche it was clear from the record that the penalty for violating the ordinance exceeded the penalty authorized by state law for violating similar statutes. Because it is unclear from the record what penalty is provided for violating the ordinance in this case, the discussion relative to that issue in Wyche is not applicable here.