BARKETT, Chief Justice.
We have for review State v. E.L., 595 So.2d 981 (Fla. 5th DCA 1992), in which the district court upheld the constitutionality of a city ordinance that prohibits loitering for the purpose of engaging in drug-related activity. We have jurisdiction.[1]
E.L. and R.W. are minors who were charged with loitering for the purpose of engaging in drug-related activity in violation of Sanford’s Ordinance No. 2032.[2]
*253 They moved to dismiss the charges on grounds that the ordinance is facially unconstitutional. The trial court granted the motions, finding that the ordinance is over-broad because it infringes upon the First Amendment freedoms of association, assembly, and speech; it is unconstitutionally vague; it violates due process principles; and it violates the Fourth Amendment. The Fifth District Court of Appeal consolidated the State's appeals and reversed the trial court’s orders.
In this petition for review, E.L. and R.W. argue that the ordinance is overbroad, vague, and that it violates due process principles. In Wyche v. State, 619 So.2d 231 (Fla.1993), this Court invalidated a similar Tampa ordinance that prohibited loitering in a manner and under circumstances manifesting the purpose of engaging in solicitation for prostitution. Based on the authority of Wyche, we also invalidated a Tampa ordinance that prohibited loitering while manifesting the purpose of illegally using a controlled substance. Holliday v. City of Tampa, 619 So.2d 244 (Fla.1993).
For the reasons expressed in Wyche, we find that the ordinance at issue in this case is unconstitutional because it is vague, overbroad, and violative of substantive due process.[3] Although the Sanford ordinance contains a severability clause, the sections of the ordinance are interrelated and it *254 must be invalidated in its entirety. Barndollar v. Sunset Realty Corp., 379 So.2d 1278,1281 (Fla.1980). Therefore, we quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW and HARDING, JJ., concur.
KOGAN, J., concurs with an opinion.
McDONALD, J., dissents with an opinion, in which OVERTON and GRIMES, JJ., concur.

. Art. V, § 3(b)(3), Fla. Const.

. The ordinance provides as follows:
ORDINANCE NO. 2032 AN ORDINANCE OF THE CITY OF SANFORD, FLORIDA, RELATING: TO THE PUBLIC SAFETY AND WELFARE PROHIBITING LOITERING FOR THE PURPOSE OF ENGAGING IN DRUG RELATED ACTIVITY SETTING FORTH CIRCUMSTANCES WHICH MAY BE CONSIDERED AS MANIFESTING SUCH PURPOSE, DECLARING SAID CONDUCT TO BE A MISDEMEANOR AND PROVIDING A PENALTY THEREFORE; PROVIDING FOR SEVERABILITY, CONFLICTS AND EFFECTIVE DATE.
NOW, THEREFORE, BE IT ENACTED BY THE PEOPLE OF THE CITY OF SANFORD, FLORIDA:
SECTION 1: The City Commission of the City of Sanford finds the public safety and morals of the citizens of the City of Sanford is being endangered by an increasing illicit drug trafficking and use in the City of Sanford. That said drug use is increasing rapidly causing immediate and imminent danger to the public health and safety and to property in the area where drug use is taking place and that said drug problem is being significantly increased by the presence of numerous persons loitering in certain areas of the City for the purpose of engaging in drug related activity.
SECTION 2: Chapter 18 of the City Code of the City of Sanford is hereby amended by the addition thereto of Section 34 as follows: ARTICLE III: LOITERING FOR THE PURPOSE OF ENGAGING IN DRUG RELATED ACTIVITY.
A. Drug related loitering prohibited.
It shall be unlawful for any person to loiter in or near any public street, right of way, or place open to the public, or in or near any public or private place in the City of Sanford in a manner and under circumstances manifesting the purpose to engage in drug related *253 activities contrary to the provisions of Chapter 893, of the Florida Statutes.
B.Section 21-21, Circumstances Manifesting such purposes enumerated.
Among the circumstances which may be considered as determining whether such purpose is manifest, are:
1. Such person is a known unlawful drug user, possessor, or seller. For purposes of this chapter, a "known unlawful drug user, possessor, or seller” is a person who has, within the knowledge of the arresting officer, been convicted in any court within this state any violation involving the use, possession, or sale of any of the substances referred to in Chapter 893.03, Florida Statutes, or 817.564 or such person has been convicted of any violation of any of the provisions of said chapters of Florida Statutes or substantially similar laws of any political subdivision of this state or any other state; or person who displays physical characteristics of drug intoxication or usage, such as "needle tracks”; or a person who possesses drug paraphernalia as defined in Section 893.145, Florida Statutes.
2. Such person is currently subject to an order prohibiting his/her presence in a high drug activity geographic area;
3. Such person behaves in such a manner as to raise a reasonable suspicion that he or she is about to engage in or is then engaged in an unlawful drug-related activity, including by way of example only, such person acting as a “lookout";
4. Such person is physically identified by the officer as a member of “gang” or association which has as its purpose illegal drug activity;
5. Such person transfers small objects or packages for currency in a furtive fashion;
6. Such person takes flight upon the appearance of a police officer;
7. Such person manifestly endeavors to conceal himself or herself or any object which reasonably could be involved in an unlawful drug-related activity;
8. The area involved is by public repute known to be an area of unlawful drug use and trafficking;
9. The premises involved are known to have been reported to law enforcement as a place suspected of drug activity;
10. Any vehicle involved is registered to a known unlawful drug user, possessor, or seller, or a person for whom there is an outstanding warrant for a crime involving drug related activity.
C. Penalty
Any person who violates the provisions of this Article shall be guilty of a misdemeanor of the second degree punishable as provided in 775.-082 or 775.083.
D. Arrest without warrant
Any law enforcement officer authorized to act within the city limits of the City of Sanford, may arrest any suspected loiterer under the provisions of this Article without a warrant in case delay in procuring a warrant would probably enable such suspected loiterer to escape arrest.
SECTION 3: If any provision of this Article is held to be invalid, unconstitutional or unenforceable for any reason, such invalidity shall not affect any other provision, or the application thereof, which shall be given effect without the invalid provision or application, to this and [sic] the provisions of this Article are declared to be severable.
SECTION 4: That all ordinances or parts of ordinances in conflict herewith be and the same are hereby revoked.
SECTION 5: That this ordinance shall become effective immediately upon its passage and adoption.

. The ordinance at issue in Wyche also was invalidated because it imposed penalties that exceeded those authorized by state law for similar conduct. That portion of Wyche is not applicable to this case.