McDONALD, Justice,
dissenting.
The opinion under review, in upholding the Sanford ordinance, stated:
In the instant case, the ordinance specifically recognizes that increasing drug trafficking and usage causes an immediate and imminent danger to the public health and safety and to property in the area and that this danger is significantly increased by the presence of numerous persons loitering for the specific purpose of committing an illegal act, i.e., drug trafficking and usage. Consequently, the ordinance requires more than mere loitering. The ordinance requires an intent to commit a criminal act, i.e., intent to engage in drug-related activity. As previously noted, the Florida Supreme Court held that the less specific loitering and prowling statute is constitutional. Therefore, we have no difficulty finding that the more specific Sanford ordinance, which prohibits loitering for the purpose of engaging in drug-related activity, is facially constitutional.
*255 State v. E.L., 595 So.2d 981, 984 (Fla. 5th DCA 1992) (citation omitted). I, too, believe the ordinance to be sound, and we do an unnecessary disservice to the citizens of Sanford by invalidating their ordinance. We should approve the opinion under review.
OVERTON and GRIMES, JJ., concur.